LiMeng Yan
*Defendant, Pro se*
covidorigin@protonmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUANJUN LIANG** <br> Plaintiff, <br> v. <br> **LIMENG YAN, et al,** <br> Defendants, | CIVIL ACTION <br><br> No. 22-CV-01763 <br><br> MOTION TO DISMISS & <br> MEMORANDUM OF LAW |

    Defendant LiMeng Yan respectfully motions this Court to dismiss this case for the reason of insufficient service of process as required by Fed. R. Civ. P. 12(b)(5). Specifically (and as explained below) Plaintiff has knowingly and fraudulently alleged service on Defendant via an authorized agent when, demonstrably, no such authorization or agent exists.

    Defendant notes that she is a political dissident refugee from China currently living in hiding at an undisclosed location in the United States. She fled from Hong Kong where she lived and worked in April 2020 after surviving an attempt on her life by Chinese Communist Party (CCP) actors. Since arriving in America in April 2020 she has continued to be harassed and threatened, including protests outside her residence, and including an individual impersonating an FBI agent entering her home which at that time was in Stanford, Connecticut. While she was not there when the individual entered, they photographed her home and then posted the images on Gettr and other media platforms so as to encourage other CCP actors to engage in additional harassment. In order to preserve her safety, Defendant's location must therefore remain secret. Defendant, therefore, respectfully requests that the Court extend flexibility in Defendant's filings (regarding contact information), so that she can remain safe. Defendant has reached out to Court Security for guidance and instruction on this matter.

    Defendant has attached information about her refugee status as Exhibit A.

## MEMORANDUM OF LAW

**I.**    **Facts**

Plaintiff filed his Complaint on May 6, 2022.

On October 6, 2022, Plaintiff filed a Motion to Extend Time to Serve Complaint. In this Motion, Plaintiff alleges that it attempted service on a Postal Box at a UPS store in Reston Virginia, sometime between May 6, 2022 and June 27, 2022. (See page 2 of Plaintiff's October 6, 2022 Motion).

On October 11, 2022, this Court delivered its Order, granting Plaintiff's Motion. In its Order, the Court granted an additional 30 days but also questioned Plaintiff's assertion that Defendant had connections to Pennsylvania. The Court noted that no evidence had been presented to show that Defendant was in Pennsylvania and warned Plaintiff that it may require explanation why Plaintiff believed the Court had jurisdiction in this case.

On November 11, 2022, Plaintiff filed a Second Request to Extend Time to Serve Complaint. In this Second Request, Plaintiff once again stated that it attempted service on a Postal Box at a UPS store in Reston Virginia, sometime between May 6, 2022 and June 27, 2022. (See page 2 of Plaintiff's November 11, 2022 Request).

On November 16, 2022, this Court delivered its Order, requiring Plaintiff to personally appear for an in-person hearing in order to explain to the Court why it had jurisdiction in this case. The Court set the date of the hearing for November 22, 2022.

Fantastically, the very next day (November 17, 2022), Plaintiff filed a Notice of Service with the Court. In this Notice, Plaintiff declared under penalty of perjury that Defendant was served on November 12, 2022, through her authorized agent at the UPS Postal Box in Reston Virginia. (See page 1 of Plaintiff's November 12, 2022 Notice). Page 2 of this Notice is an alleged receipt from USPS for tracking number 9410809202121093881800. It states that the delivery of the mail was at the Reston Virginia UPS store, received on November 12, 2022. Page 3 of the Notice is the first page of USPS form 1583, which is used to authorize delivery of mail to a designated agent[1]. The form names the UPS store as an agent but lacks the required signature of Defendant (line 15), lacks the required two forms of identification (line 8) and lacks the required notarization (line 16).

In receipt of Plaintiff's Notice, the Court canceled its November 2022 hearing.

On December 28, 2022, the Court ordered Defendant to file an Answer by January 23, 2023.

Defendant became aware of this lawsuit through a message to her on her Twitter account. She did not respond to the lawsuit because she was not in Pennsylvania, nor was she served. It was only when Defendant became aware that Plaintiff had filed a Notice of Service and the Court required an Answer under the treat of default, that she was compelled to respond with the present Motion.

## II.  Legal Argument
### A.  Plaintiff's Notice of Service is Fraudulent, Defendant was not Served; Therefore, there was No Service

Fed. R. Civ. P. 4 requires service of process. Generally, this requires the defendant or its authorized agent to be served. Before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied. *Luxottica Grp., S.p.A. v. Lee*, 552 F. Supp. 3d 98 (D. Mass. 2021). Fed. R. Civ. P. 12(b)(5) allows the court to dismiss a case for insufficient service. A simple examination of Plaintiff's Notice of Service shows that it is fraudulent, incomplete and insufficient; therefore Defendant was not given proper service of process.

*The USPS tracking number shows refusal of delivery.*

Page 1 and 2 of Plaintiff's Notice state that Defendant was served through an authorized agent on November 12, 2022. As proof, Plaintiff included a receipt with USPS tracking number 9410809202121093881800. *This is a demonstrable lie.* The USPS records for that tracking number shows that the delivery was sent on November 9, 2022, <u>refused</u> by UPS on November 22, 2022 and <u>returned to sender</u> on November 26, 2022. (See page USPS Tracking search, attached as Exhibit B). It was not delivered!

*USPS Form 1583 is incomplete and unsigned.*

---

[1] Suspiciously, this form is dated October 6, 2022—which is the same day Plaintiff filed its first Motion. Incredibly, this is more than five months after Plaintiff alleges that the Postal Box was utilized. It is highly unlikely that Defendant filed form 1583 on the exact day of Plaintiff's Motion, months after she allegedly purchased the Postal Box.

2

Likewise, Plaintiff's inclusion of USPS form 1583 was a misrepresentation to the Court that the UPS store was an agent of Defendants, authorized to accept mail on her behalf. The 1583 form included with Plaintiff's Notice is incomplete and unsigned. It does not have the required signature of Defendant (line 15), lacks the required two forms of identification (line 8) and lacks the required notarization (line 16). Without these essential items, form 1583 is not valid or effective.

Page one of Form 1583 states, in part:

> NOTE: The applicant must execute this form in duplicate in the presence of the agent, his or her authorized employee, or a notary public. The agent provides the original completed signed PS Form 1583 to the Postal Service and retains a duplicate completed signed copy at the CMRA business location.

This instruction requires that the form be completed, signed and notarized before it is filed with USPS. In this case, the form had several blank items, including two forms of identification, Defendant's signature and a notary signature. Because the form was incomplete, UPS was not authorized to accept mail on Defendant's behalf. (This is verified by the USPS tracking search showing that UPS *refused the delivery.*)

Page two of form 1583 continues:

> Privacy Act Statement: Your information will be used to authorize the delivery of your mail to the designated addressee as your agent. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we cannot provide this service to you.

Here again we see that USPS will not honor an incomplete 1583 form. Because this form lacked the required information about Defendant, UPS was not an authorized agent of Defendant.

*Plaintiff knowingly included false evidence in its Notice of Service*

Plaintiff clearly used and understood the USPS tracking number system because it selectively utilized it as evidence. The tracking number records reveal that the letter was not delivered. This is information that was accessed and known to Plaintiff, yet he knowingly falsely declared to this Court that the letter was delivered.

In the same way Plaintiff has intentionally represented that UPS was an authorized agent of Defendant when he knew that UPS was not. Defendant knew that the letter was refused by UPS but alleged that it was accepted. USPS form 1583 was clearly incomplete and insufficient, yet Plaintiff chose to use it to mislead the Court into believing that the form was credible. [2]

*Conclusion.*

Because it is clear that UPS was not an agent of Defendant, nor did USPS accept service on her behalf, Plaintiff's Notice of Service was fraudulent and insufficient. Defendant was not properly given service of process.

B. <u>Insufficient Service of Process is Grounds for Dismissal</u>

---

[2] Defendant notes that it is illegal to misuse federal forms. Form 1583 states that "the furnishing of false or misleading information … on this form may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil sanctions).
Defendant further notes that it is a federal crime to knowingly and willful use of false statements, false documents or fraudulent schemes in federal court. See, for instance, 18 U.S.C. § 1001.

Before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied. *Luxottica Grp., S.p.A. v. Lee*, 552 F. Supp. 3d 98 (D. Mass. 2021). In adjudicating a motion to dismiss for insufficient service of process, a court may look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served. Fed. R. Civ. P. 12(b)(5). *Jiang v. Tokyo II Steak House, Inc.*, No. CV 21-11732-FDS, 2022 WL 2905357 (D. Mass. July 22, 2022). Where the sufficiency of process is challenged, the plaintiff bears the burden of proving proper service. *Luxottica*, at 552.

As Defendant has demonstrated above, neither Plaintiff nor her authorized agent was properly served by Plaintiff. The declarations and documents used in Plaintiff's Notice are demonstrably false. As Plaintiff has lied and not met its burden to prove sufficient process, the Court can and should grant Defendant's Motion to Dismiss.

## III.  Conclusion

Plaintiff's declarations, allegations and evidence regarding his service of process are demonstrably false. Neither Defendant, nor her designated agent was properly served. Plaintiff's false allegations are shocking, an unconscionable embarrassment and should be punished. Because Plaintiff has lied and not met its burden to prove sufficient process, the Court can and should grant Defendant's Motion to Dismiss.

**WHEREFORE**, Heirs respectfully prays for the following:
a. For an order dismissing Plaintiff's Complaint;
b. That the Court require Plaintiff and his counsel appear and explain its actions in filing false documents and statements with the Court; and
c. For such other and further relief as this Court deems just and proper under the circumstances.

Date:  18 - Jan 2023

_____
LiMeng Yan
*Defendant, Pro se*

I certify that this Motion was filed by
US Mail and a copy of the same was delivered to:

Ronald E. Norman, Esq. (SBN 104752)
Demidchik Law Firm
4350 Von Karman Ave., 4th Floor
Newport Beach, CA 92660

4

Phone: (626) 317-0033  
*Counsel for Plaintiff*

Date:  18 Jan 2023

_____  
LiMeng Yan  
*Defendant, Pro se*

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9410809202121093881800

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to the original sender at 2:38 pm on November 26, 2022 in ROWLAND HEIGHTS, CA 91748. The item was signed for by R RETURM.

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

### Delivered

**Delivered, To Original Sender**
ROWLAND HEIGHTS, CA 91748
November 26, 2022, 2:38 pm

### Out for Delivery

RESTON, VA 20190
November 26, 2022, 9:41 am

### Arrived at Post Office

WALNUT, CA 91788
November 26, 2022, 5:49 am

### Arrived at USPS Facility

WALNUT, CA 91788
November 26, 2022, 5:23 am

### Departed USPS Regional Facility

CITY OF INDUSTRY CA DISTRIBUTION CENTER
November 26, 2022, 4:48 am

### Arrived at USPS Regional Origin Facility

CITY OF INDUSTRY CA DISTRIBUTION CENTER
November 25, 2022, 11:52 pm

**In Transit to Next Facility**
November 25, 2022

**Arrived at USPS Regional Destination Facility**
MERRIFIELD VA DISTRIBUTION CENTER
November 23, 2022, 6:19 pm

**Refused**
RESTON, VA 20190
November 22, 2022, 5:13 pm

**Return to Sender Processed**
RESTON, VA 20190
November 22, 2022, 5:12 pm

**Addressee Unknown**
RESTON, VA 20190
November 17, 2022, 2:07 pm

**Out for Delivery**
RESTON, VA 20190
November 12, 2022, 6:10 am

**Arrived at Hub**
RESTON, VA 20190
November 11, 2022, 5:58 am

**Arrived at USPS Facility**
RESTON, VA 20190
November 11, 2022, 5:01 am

**Arrived at USPS Facility**
HERNDON, VA 20170
November 11, 2022, 4:53 am

**Departed USPS Regional Facility**
DULLES VA DISTRIBUTION CENTER
November 11, 2022, 3:46 am

**Arrived at USPS Regional Destination Facility**
DULLES VA DISTRIBUTION CENTER

November 10, 2022, 11:31 pm

**Arrived at USPS Regional Origin Facility**
ANAHEIM CA DISTRIBUTION CENTER
November 9, 2022, 10:19 pm

**Accepted at USPS Origin Facility**
ROWLAND HEIGHTS, CA 91748
November 9, 2022, 9:04 pm

**Shipping Label Created, USPS Awaiting Item**
ROWLAND HEIGHTS, CA 91748
November 8, 2022, 3:53 pm

**Hide Tracking History**

**Text & Email Updates**  ˅

**Proof of Delivery**  ˅

**USPS Tracking Plus®**  ˅

**Product Information**  ˅

See Less ˄

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**